MR. JUSTICE MORRISON,
specially concurring.
I concur in the result because of the facts here at issue. Petitioner seeks to perpetuate testimony because the bad faith issues must be held in abeyance pending resolution of the underlying tort case. This is not sufficient allegation to spring the Court’s discretion under Rule 27(a).
However, we should not prevent the taking of a deposition to perpetuate testimony under the appropriate circumstances. If a bad faith action is being held in abeyance, and critical witness testimony will be otherwise lost, the court should be able to authorize perpetuation of testimony under Rule 27(a). In other words if a witness has a terminal illness or is going to move to a foreign country while the bad faith issues are being held in abeyance, the petitioner should be able to prevent an injustice by taking those person’s depositions.
I concur in the result but feel these explanatory remarks are necessary.